Joseph A. Gavagan, J.
Mavis Green, one of the plaintiffs in this negligence case, moves to (a) vacate the settlement agreed upon at a pretrial hearing, and (b) restore the action to its regular place on the Trial Term Jury Calendar of this court, Defendant requests the application be denied.
*884 Mavis Green brought an action for personal injuries sustained when leaving a bus owned by the defendant. The coplaintiff husband of Mavis sued for loss of services. On October 26, 1960 the matter came on at Pretrial Part I, where it had been assigned. An exploratory discussion was had, at which time the defendant’s offer of $1,000 was rejected and the matter adjourned until October 28,1960. On that day the plaintiff and counsel for both sides were present. An offer of $2,000 was not accepted. Defendant was informed that in view of the serious question of liability the court felt that the sum of $2,200 was fair and reasonable. Such sum being offered was accepted by Mrs. Green and the action marked settled. This is conceded in the moving papers. Subsequently Mrs. Green learned that the coplaintiff was dissatisfied with the settlement—hence the present motion.
At the outset the court desires to express its appreciation of the unusual candor of Louis Mendelson, attorney for the plaintiff, who states in his affidavit that the settlement is fair and equitable and that he does not believe the present application is in the best interests of Mrs. Green.
Further, this court is conscious of the fact that James Green made no financial contribution, as Mrs. Green was gainfully employed at the time of the accident and discharged all medical obligations she incurred. Feeling as strongly as it does that matters such as these must be terminated definitively, this court will not allow James Green, whose interest at best is minimal, to arbitrarily overthrow this settlement.
It is well known to Bench and Bar alike that the results obtained in the pretrial hearings have been a blessing to all concerned, particularly in this day of very heavy calendar congestion. To belabor the point would be fruitless. Suffice to say to grant the present motion would thwart the Herculean efforts to dam the ever-rising flood of negligence actions which are slowly but inexorably inundating our courts. Accordingly, this motion is in all respects denied.